J. Jonathan Hawk (SBN 254350)
jhawk@mwe.com
Erica Lang (SBN 340330)
elang@mwe.com
**McDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone:    +1 310 277 4110
Facsimile:    +1 310 277 4730

Attorneys for Respondent X CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: SUBPOENA TO X CORP.*, Successor in Interest to *TWITTER, INC.*<br><br>Served in case: *Nina Agdal v. Dillon Danis,* D.N.J. 2:23-CV-16873-MCAMAH | Case No. 3:24-mc-80266-JCS<br><br>**RESPONDENT X CORP.'S OPPOSITION TO PETITIONER'S MOTION TO COMPEL**<br><br>U.S. Magistrate Judge:<br>Hon. Joseph C. Spero<br><br>Hearing Date: TBD<br>Hearing Time: TBD |

## **TABLE OF CONTENTS**

Page

I. Introduction ...........................................................................................................................1

II. Argument .............................................................................................................................3

    A. The First Amendment Safeguards Apply to Unmasking Anonymous Speakers ...........3

    B. The First Amendment Applies to Commercial Speech .................................................5

    C. X Corp. Cannot Conclude that the First Amendment Safeguards for Unmasking the Anonymous User Are Satisfied ..............................................................7

        i. It is Unclear Whether Petitioner Has Made a Prima Facie Showing With Respect to @notamod921 ..........................................................................8

        ii. It is Unclear Whether Petitioner Has Sufficiently Alleged that the Need for the Requested Discovery Outweighs First Amendment Interests ................................................................................................................10

III. CONCLUSION .................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Anonymous Online Speakers*,
    661 F. 3d 1168 (9th Cir. 2011) ...................................................................................3, 7, 9

*Art of Living Found. v. Does*,
    No. C10-05022 LHK HRL, 2011 WL 3501830 (N.D. Cal. Aug. 10, 2011) ..........................6

*Baugher v. GoDaddy.com LLC*,
    No. MC-19-00034-PHX-JJT, 2021 WL 4942658 (D. Ariz. Oct. 22, 2021) ........................2, 5

*Brown v. Entm't Merch. Ass'n*,
    564 U.S. 786 (2011) ..............................................................................................................3

*Buckley v. American Constitutional Law Foundation, Inc.*,
    525 U.S. 182 (1999) ..............................................................................................................7

*BWP Media USA, Inc. v. Crowdgather, Inc.*,
    No. CV1305318GWJEMX, 2014 WL 12601054 (C.D. Cal. July 28, 2014*)* ..........................6

*Chevron Corp. v. Donziger*,
    No. 12–MC–80237 CRB (NC), 2013 WL 4536808 (N.D. Cal. Aug. 22, 2013) ...............1, 4, 5

*In re Cnty. of Orange*,
    245 B.R. 138 (C.D. Cal. 1997) ............................................................................................10

*Digital Music News LLC v. Superior Court*,
    226 Cal. App. 4th 216 (2014) ...............................................................................................7

*In re DMCA Subpoena to Reddit, Inc.*,
    441 F. Supp. 3d 875 (N.D. Cal. 2020) ...............................................................................5, 6

*In re DMCA § 512(h) Subpoena to Twitter, Inc.*,
    608 F. Supp. 3d 868 (N.D. Cal. 2022) ......................................................................... *passim*

*Glassdoor, Inc. v. Super. Ct.*,
    9 Cal. App. 5th 623 (2017) ....................................................................................................5

*Hoffman v. Cap. Cities/ABC, Inc.*,
    255 F.3d 1180 (9th Cir. 2001) ...............................................................................................5

*Krinsky v. Doe 6*,
    159 Cal. App. 4th 1154 (2008) ..........................................................................................3, 5

*London v. Does 1-4*,
    279 F. App'x 513 (9th Cir. 2008) ..................................................................................1, 3, 4

*McIntyre v. Ohio Elections Comm'n*,
 514 U.S. 334 (1995)...........................................................................................................3

*Music Grp. Macao Com. Offshore Ltd. v. Does*,
 82 F. Supp. 3d 979 (N.D. Cal. 2015) ............................................................................ *passim*

*Pacific Harbor Capital, Inc. v. Carnival Air Lines*,
 210 F.3d 1112 (9th Cir. 2000) ........................................................................................8

*In re Reddit, Inc.*,
 671 F. Supp. 3d 1022 (N.D. Cal. 2023) ..........................................................................3

*Reno v. Am. Civil Liberties Union*,
 521 U.S. 844 (1997)......................................................................................................3, 7

*In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*,
 337 F.R.D. 639 (N.D. Cal. 2020)...................................................................................7, 8

*Smythe v. Does 1-10*,
 No. CV 15-4801-R, 2015 WL 12819174 (C.D. Cal. Nov. 17, 2015)........................................4

*In re Tagami*,
 No. 21-mc-80153-JCS, 2021 WL 5322711 (N.D. Cal. Nov. 16, 2021) ....................................3

*U.S. v. Meta Platforms, Inc.*,
 No. 23-MC-80249-PHK, 2023 WL 8438579 (N.D. Cal. Dec. 5, 2023)....................................4

*Uber Techs., Inc. v. Doe*,
 No. 15-CV-00908-LB, 2015 WL 1926291 (N.D. Cal. Apr. 27, 2015)......................................6

*United States v. Hayner*,
 371 F. Supp. 3d 700 (N.D. Cal. 2018) ...........................................................................10

*Williams v. Superior Court*,
 3 Cal. 5th 531 (2017) .....................................................................................................7

*Williams v. Superior Ct.*,
 46 Cal. App. 4th 320 (1996) ..........................................................................................8

**Statutes**

17 U.S.C. § 512(h) ................................................................................................................2, 5

18 U.S.C. § 2510 *et seq*..........................................................................................................1

18 U.S.C. § 2701 *et seq*..........................................................................................................1

28 U.S.C. § 1782......................................................................................................................4

**Other Authorities**

U.S. Const., amend. 1 ........................................................................................................................7

Cal. Const. art. I, § 1 .........................................................................................................................7

Cal. Rules Prof. Conduct, Rule 5-200(B) .........................................................................................8

**STATEMENT OF ISSUE TO BE DECIDED**

Whether Petitioner has satisfied the First Amendment's requirements to unmask an anonymous speaker for content posted on the X platform via an account with username @notamod921?

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Petitioner is attempting to unmask an anonymous speaker for content posted on the X platform via an account with username @notamod921. Specifically, and as made clear during the parties' meet and confer efforts, Petitioner is seeking an order from this Court to produce data for the user behind the @notamod921 account that is limited to basic subscriber information ("BSI," i.e., name, email address, and phone number provided at registration), including IP logs, that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq*. ("SCA").

X Corp., however, cannot determine based on the information it has whether Petitioner has satisfied the First Amendment safeguards required to unmask an anonymous user for speech on the internet. The law in this regard is clear—to unmask an anonymous speaker, the person seeking that relief must make a prima facie showing of her claims, and show that her need to unmask the user outweighs the interests of the anonymous speaker in remaining anonymous. *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876-79 (N.D. Cal. 2022) ("*Bayside*"). This standard applies irrespective of whether the at-issue speech is commercial or otherwise. *Id.*

Nothing in the Petitioner's Motion to Compel (ECF 1, the "Motion") can change this, and many of the Motion's arguments about the applicability of the First Amendment are incorrect or misguided. For example, the Motion seemingly forecasts X Corp.'s position as being that the First Amendment provides a blanket prohibition against unmasking anonymous users. That is *not* what X Corp. is arguing or has ever argued. The exhibits submitted with the Motion reflect as much, i.e., that X Corp. has always maintained that an anonymous user can be unmasked if the First Amendment safeguards are satisfied. ECF 2-15. The Motion's case law also does nothing to change this. The Motion's case law largely stands for the unexceptional proposition that the First Amendment does not

serve as a blanket prohibition against unmasking anonymous users. Pet. at 10 (citing *London v. Does 1-4*, 279 F. App'x 513, 514 (9th Cir. 2008)). The Motion's case law also relies on inapposite decisions where a court's ruling was premised on facts showing that users were not actually anonymous. Pet. at 11 (citing *Chevron Corp. v. Donziger*, No. 12–MC–80237 CRB (NC), 2013 WL 4536808, at *6-*7 (N.D. Cal. Aug. 22, 2013)). It is simply incorrect for the Petitioner to argue that the First Amendment has no applicability here. Pet. at 10.

Petitioner also seemingly argues that the user behind the @notamod921 account violated Petitioner's copyrights, and that Petitioner can thus entirely avoid the First Amendment safeguards associated with unmasking the user. That is incorrect. First Amendment safeguards apply even to commercial speech, and courts in this circuit have routinely applied the two-step inquiry described herein in cases involving alleged copyright infringement, including with regard to subpoenas issued under the Digital Millennium Copyright Act, 17 U.S.C. § 512(h) ("DMCA"). *See*, *e.g.*, *Baugher v. GoDaddy.com LLC*, No. MC-19-00034-PHX-JJT, 2021 WL 4942658, at *2-3 (D. Ariz. Oct. 22, 2021). In any event, Petitioner is not asserting any copyright claim against either the defendant, Dillon Danis, in the underlying lawsuit, *Nina Agdal v. Dillon Danis*, Case No. 2:23-cv-16873-MCA-MAH, pending in the United States District Court for the District of New Jersey,[1] or the user behind the @notamod921 account, and there is no reason to deviate from those standards in this case.

What remains are the questions central to the Motion—has Petitioner demonstrated a prima facie case, and do her interests in obtaining the discovery outweigh the interests of the user behind the @notamod921 account in remaining anonymous? X Corp. cannot determine that Petitioner has satisfied those inquiries, including because: (1) Mr. Danis has denied he is behind the @notamod921 account; (2) there are no claims pleaded against any Doe defendants or the user behind the @notamod921 account; and (3) it is unclear what specifically Petitioner may do with the identity of

---

[1] In that underlying proceeding in New Jersey, Petitioner asserts five claims against Dillon Danis in her operative Second Amended Complaint (ECF 2-1), alleging that he unlawfully used accounts on X (i.e., @dillondanis and @mmaomally23) to post a "nonconsensual, sexually explicit photograph of her on the internet without her consent," and make other posts via those accounts with statements that purportedly defamed her. *Id.* X Corp. is not a party to that proceeding. Petitioner's operative complaint does not mention the @notamod921 account.

the anonymous speaker that would support her claims in her case against Mr. Danis.

In light of the foregoing, X Corp. respectfully requests that this Court review and consider the First Amendment safeguards, and determine whether Petitioner is permitted to unmask the identity of an anonymous speaker. X Corp. further requests that the Court evaluate whether there is a compelling need for the discovery that outweighs the privacy rights of the speakers, with the relevant legal standards set forth below.

## II.   ARGUMENT

### A.   The First Amendment Safeguards Apply to Unmasking Anonymous Speakers

The Motion argues that information sought by Petitioner's subpoena (the "Subpoena") to unmask an anonymous speaker on the internet is *not* protected by the First Amendment. Pet. at 10-11. That is incorrect.

Free speech protections under the First Amendment extend to anonymous speech on the internet. *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870 (1997); *Brown v. Entm't Merch. Ass'n*, 564 U.S. 786, 790 (2011); *In re Anonymous Online Speakers*, 661 F. 3d 1168, 1173 (9th Cir. 2011) ("Although the Internet is the latest platform for anonymous speech, online speech stands on the same footing as other speech — there is 'no basis for qualifying the level of First Amendment scrutiny that should be applied' to online speech."); *Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1164, 1170-72 (2008). As the Ninth Circuit has recognized, "[i]t is now settled that 'an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment.'" *In re Anonymous Online Speakers*, 661 F.3d at 1173 (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)).

It follows that when a party issues a subpoena seeking information to identify an anonymous individual who has posted content on an online platform, the First Amendment applies "to ensure that a person's right to anonymous speech is protected." *In re Reddit, Inc.*, 671 F. Supp. 3d 1022, 1024-25 (N.D. Cal. 2023) (citing, among others, *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015)); *see also Bayside*, 608 F. Supp. 3d at 876-79 (citations omitted); *see also In re Tagami*, No. 21-mc-80153-JCS, 2021 WL 5322711, at * 4 n.2 (N.D. Cal. Nov. 16, 2021)

1  (in the context of seeking to unmask an anonymous speaker on the internet under 28 U.S.C. § 1782,
2  the analysis "also considers the First Amendment …").

3      This is well settled law in the Ninth Circuit, and the cases cited in the Motion do nothing to
4  change that. The Ninth Circuit Court of Appeal in *London* and the district court in *Smythe v. Doe* hold
5  merely that the First Amendment is not a *per se* prohibition against unmasking anonymous speakers.
6  That is not what X Corp. is arguing here. X Corp.'s argument here is—and its argument whenever
7  these issues arise has consistently been—that the First Amendment safeguards must be satisfied before
8  an anonymous speaker can be unmasked.

9      The Ninth Circuit in *London*, for example, assessed whether a wife seeking to divorce her
10 husband on grounds of infidelity could properly obtain information from Yahoo! to identify account
11 holders that she suspected were her husband. 279 Fed. App'x. 513, 514-15 (9th Cir. 2008). In
12 upholding the district court's order compelling the production of that information, the Ninth Circuit
13 held that the First Amendment does not "bar release of identifying data for email accounts used to
14 solicit sex partners on the Internet." *Id.* at 515. The *Smythe* court similarly recognized that, "[w]hile
15 the First Amendment provides some rights regarding anonymity, it is not a blanket shield from liability
16 under the law for all speech." *Smythe v. Does 1-10*, No. CV 15-4801-R, 2015 WL 12819174, at *1
17 (C.D. Cal. Nov. 17, 2015). These decisions do nothing more than state that the First Amendment does
18 not *per se* prohibit unmasking an anonymous user for her or his speech—an argument that no one is
19 making in this proceeding.

20     *U.S. v. Meta Platforms, Inc.*, (Pet. at 11) is also of no help to Petitioner. No. 23-MC-80249-
21 PHK, 2023 WL 8438579, at *7 (N.D. Cal. Dec. 5, 2023). That court's discussion of the First
22 Amendment pertained to a niche issue that is not presented here, i.e., in the context of petition for
23 discovery in aid of a foreign proceeding under 28 U.S.C. section 1782, whether First Amendment
24 protections apply to unmasking "[f]oreign citizens who are outside of the United States territory." *Id.*
25 at *6. This is not a proceeding under Section 1782.

26     Finally, *Donziger* does not stand for the proposition that the Motion wishes. 2013 WL
27 4536808, at *6-*7. That decision is based on the fact that the accounts were not anonymous, including

28

because "[s]everal of their email addresses contain their first and last names, or their first initial and last name, or some other combination of identifying information. The owners of josephmutti@gmail.com and limcas2002@yahoo.com, two email addresses the Doe movants seeks to protect, have had direct contact with Chevron's counsel and identified themselves as the owners of their respective addresses. The owner of lauragarr@gmail.com is identified by name and connected with her email address and the underlying litigation in another court's order." *Id.* at *8.

Put simply, because the Subpoena here seeks to unmask an anonymous user for speech on the internet, the First Amendment applies, and the Court must undertake a two-step inquiry, set forth below, to determine whether the party seeking the discovery has made a showing that is sufficient to unmask that user and pursue her claims. The Motion's argument to the contrary—i.e., that the First Amendment has no applicability in this context—is simply wrong.

### B.   The First Amendment Applies to Commercial Speech

The Motion next argues the First Amendment does not protect anonymous speech that is the "result of data theft or that infringes copyright." Pet. at 11. The Motion is seemingly arguing that the speech at-issue is commercial, and that the First Amendment protections discussed above are *per se* inapplicable to commercial speech. That argument is incorrect and, in any event, inapposite.

The First Amendment safeguards associated with efforts to unmask an anonymous user apply even in the context of allegedly commercial speech. *Music Grp. Macao Com. Offshore Ltd.*, 82 F. Supp. 3d at 985; *see also Hoffman v. Cap. Cities/ABC, Inc.*, 255 F.3d 1180, 1184 (9th Cir. 2001). This has been recognized on several occasions in the context of subpoenas issued under the DMCA, with courts acknowledging that the First Amendment safeguards must be analyzed even after a court issued a subpoena under the DMCA to unmask anonymous users accused of alleged copyright infringement. *Bayside*, 608 F. Supp. 3d at 877-83; *Baugher*, 2021 WL 4942658, at *2-3. Indeed, "[i]n any action predicated on anonymous speech, **regardless of legal theory**, the plaintiff should not be able to discover the speaker's identity without first making a prima facie showing that the speech in question is actionable." *Glassdoor, Inc. v. Super. Ct.*, 9 Cal. App. 5th 623, 634 (2017) (affirming the *Krinsky* requirements and the standard for protecting online speakers) (emphasis added); *see also Music Grp.*

*Macao Com. Offshore Ltd.*, 82 F. Supp. 3d at 985.

Again, the Petitioner's case law changes none of this. For example, the Motion cites *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 882 (N.D. Cal. 2020), seemingly for the proposition that a court purportedly does not need to conduct a First Amendment analysis at the unmasking stage. Pet. at 12. But the court in that case held that it did not need to balance the respective interests of the party seeking unmasking against the anonymous seeker (i.e., one part of a two-part test that it applied) where copyright law's fair use analysis may contain a "built-in First Amendment accommodation." *Bayside*, 608 F. Supp. 3d at 877-78 (citing *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 882). That is *not* a *per se* rule, and the Motion provides no reason such an approach should be applied here to entirely avoid, and potentially truncate, the applicable First Amendment unmasking analysis. *Id.*

The same holds true for the Motion's other authorities—none stand for the proposition that alleged copyright infringement bypasses all First Amendment analysis when seeking to unmask an anonymous speaker. *Uber Techs., Inc. v. Doe*, No. 15-CV-00908-LB, 2015 WL 1926291, at *2 (N.D. Cal. Apr. 27, 2015) (case involving claim based on alleged data theft, not speech); *BWP Media USA, Inc. v. Crowdgather, Inc.*, No. CV1305318GWJEMX, 2014 WL 12601054, at *1 (C.D. Cal. July 28, 2014) (recognizing that the First Amendment does not provide "unlimited or absolute" protection for copyright infringement); *Art of Living Found. v. Does*, No. C10-05022 LHK HRL, 2011 WL 3501830, at *3 (N.D. Cal. Aug. 10, 2011) (same; "anonymous speech does not have absolute protection").

X Corp. is *not* arguing, and has never argued, that the First Amendment provides an absolute prohibition against unmasking anonymous users. X Corp. has made that abundantly clear to Petitioner's counsel that the First Amendment safeguards must first be satisfied before the user can be unmasked (ECF 2-15), and that proposition is well-supported by case law cited herein.

Even putting that aside, the Motion's arguments regarding the First Amendment's applicability to copyright law have another problem—Petitioner is not pursuing any claim for copyright infringement against the anonymous user @notamod921. *See* ECF 2-1 (Ex. A to the Declaration of Joseph B. Shumofsky). Petitioner's existing claims in the Danis matter are for disclosure of intimate

imagery (ECF 2-1 at 11-13), invasion of privacy (*id.* at 14), defamation (*id.* at 15), and false light (*id.*). The Motion cites no authority for the proposition that it can seek to sidestep analysis of the First Amendment safeguards applicable to unmasking an anonymous user on a basis that is neither asserted in Petitioner's operative complaint, nor represented as a basis on which Petitioner will pursue the anonymous user if/when they are unmasked.

First Amendment safeguards must be considered in connection with seeking to unmask the anonymous user as set forth above, and the Petitioner's arguments regarding copyright law, which is not even applicable to the underlying matter here, do not and cannot change that.

### C. X Corp. Cannot Conclude that the First Amendment Safeguards for Unmasking the Anonymous User Are Satisfied

Anonymous speech on the internet is protected by the First Amendment of the United States Constitution and the right of privacy in article I, section 1 of the California Constitution. *See Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182, 199–200 (1999); *Reno*, 521 U.S. at 870 (1997); *In re Anonymous Online Speakers*, 661 F.3d at 1173 (9th Cir. 2011) ("As with other forms of expression, the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism'"); U.S. Const., amend. 1; Cal. Const. art. 1, § 1.

To unmask an anonymous speaker on the internet in light of these protections, a two-step inquiry must be undertaken. *Bayside*, 608 F. Supp. 3d at 876. "First, the party seeking the disclosure must demonstrate a prima facie case on the merits of its underlying claim. This is a higher standard than assessing merely whether a party has adequately pleaded its claims." *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 649 (N.D. Cal. 2020). Assessing whether a prima facie case has been made in the context of the First Amendment safeguards requires the Court to consider if the party has supported its claim with "competent," i.e., admissible, evidence. *Id.*, at 650.

"Second, the court balances the need for the discovery against the First Amendment interest at stake." *Id.* (emphasis added); *Digital Music News LLC v. Superior Court*, 226 Cal. App. 4th 216, 230

(2014), *disapproved on other grounds in Williams v. Superior Court*, 3 Cal. 5th 531, 557, fn. 8 (2017) ("*Digital Music*"); *see also see also Williams*, 3 Cal. 5th at 557 ("Invasions of fundamental interests must be supported by a compelling need that overcomes the grave invasion of privacy"); *Music Grp. Macao Com. Offshore Ltd.*, 82 F. Supp. 3d at 982 (withdrawing prior order because the speaker's "First Amendment rights outweigh[ed] plaintiffs' need for the requested information[]"). Under this factor, the subpoenaing party must establish that it has a compelling need for the user data it seeks relating to the anonymous speaker.

Here, X Corp. cannot conclude, based on the information that it has, that the Petitioner has satisfied both aspects of this two-step inquiry.

### i. It is Unclear Whether Petitioner Has Made a Prima Facie Showing With Respect to @notamod921

X Corp. cannot conclude that Petitioner has made a prima facie showing as required by the first step in the inquiry.

First, it is generally a judicial function to assess whether a party has made a prima facie showing. This is because, among other things, that can involve determining the admissibility of proffered evidence, and scrutinizing evidence to see if it does more than merely repeat bare allegations. *Music Grp. Macao Com. Offshore Ltd.*, 82 F. Supp. 3d at 985 (weighing whether movant showed "real evidentiary basis" for defamation claim). This is a higher standard than assessing merely whether a party has adequately pleaded its claims. *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 649 (N.D. Cal. 2020). Assessing whether a prima facie case has been made in this context requires a court to consider if the party has supported its claim with "competent," i.e., admissible, evidence. *Id.* at 650. Mere allegations fail to meet this standard. *Id.*

Second, and relatedly, a Court is better positioned to assess these issues in light of all parties' obligation to not mislead the Court as to the facts or the law. *See*, *e.g.*, Cal. Rules Prof. Conduct, Rule 5-200(B); *Pacific Harbor Capital, Inc. v. Carnival Air Lines*, 210 F.3d 1112, 1119 (9th Cir. 2000) (upholding sanctions for violation of duty of good faith and candor to court); *Williams v. Superior Ct.*, 46 Cal. App. 4th 320, 330 (1996) ("Honesty in dealing with the courts is of paramount importance,

and misleading a judge is, regardless of motives, a serious offense."). That is a powerful and crucial safeguard, as parties are sometimes less than forthcoming—and sometimes outright deceitful—with X Corp. about their bases for seeking to unmask anonymous users. Undersigned counsel for X Corp. has experienced parties seeking to unmask anonymous users who have: failed to disclose that the anonymous user had obtained a restraining order against the party that issued the subpoena; and claimed that anonymous users were subjects in a criminal investigation, only to repeatedly refuse to provide any documents substantiating that allegation. X Corp. believes there are numerous additional instances where misleading parties ultimately abandoned their efforts when faced with having to make what would be false or misleading statements to the Court.[2]

Under the circumstances here, X Corp. cannot determine if a prima facie showing of any relevant claim has been made. Petitioner's claims in her operative complaint are all against Mr. Danis, who has purportedly denied being the user behind the account @notamod921, and no Doe defendants are named in her operative complaint. Pet. at 6; ECF 2-1; ECF 2-3. The Motion does not state that Petitioner will pursue claims against the user behind the @notamod921 account, and does not specify what information Petitioner may seek from that person that may bear on her claims against Mr. Danis.

It is unclear to X Corp. how unmasking the user behind @notamod921 may be relevant to her claims, and, to that end, how her allegations and evidence go towards satisfying her burden to demonstrate a prima facie showing.

To be clear, X Corp. is not saying that it would be improper for the Court to find that a prima facie showing has been made in this context—X Corp. is stating that based on the information it has been presented from Petitioner, and against the significant concerns with unmasking anonymous speakers, it cannot make a determination that the first step has been satisfied.

///

///

---

[2] X Corp. has no indications that Petitioner has engaged in any malfeasance with respect to seeking to unmask the user behind the @notamode921 account. It can nonetheless be an important aspect of the analysis that a party seeking to unmask an anonymous user make the required showings and representations pursuant to obligations of truthfulness and completeness that are imposed via judicial proceedings.

9

X CORP.'S OPPOSITION TO MOTION TO COMPEL
(Case No. 3:24-mc-80266-JCS)

### ii. It is Unclear Whether Petitioner Has Sufficiently Alleged that the Need for the Requested Discovery Outweighs First Amendment Interests

In all cases asking courts to authorize a subpoena to unmask an anonymous speaker, the constitutional protections afforded to anonymous speech require courts to "appropriately consider[] the important value of anonymous speech balanced against a party's need for relevant discovery in a civil action." *In re Anonymous Online Speakers*, 661 F.3d at 1176. A balancing of interests is an inherently judicial function, and, in this context, can take into account the admissibility and strength of a plaintiff's evidence and rationales for seeking to unmask the anonymous user. *See, e.g.*, *Music Grp. Macao*, 82 F. Supp. 3d at 982; *cf. United States v. Hayner*, 371 F. Supp. 3d 700, 705 (N.D. Cal. 2018) (holding that an appellate court must "make an independent examination of the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression."); *In re Cnty. of Orange*, 245 B.R. 138, 141 (C.D. Cal. 1997) ("[g]iven the First Amendment implications of the issues presented, this Court must conduct a searching and independent review of the entire record.").

For reasons similar to those above, X Corp. cannot determine that the balance of interests favors Petitioner, or that Petitioner has a compelling need under the circumstances known to X Corp. Throughout the Motion, Petitioner claims she needs the BSI to unmask the anonymous user because: (1) it is relevant to whether Mr. Danis acted willfully, recklessly, and with malice; and (2) Petitioner will be unable to confirm Mr. Danis' connection to the video and his knowledge through other discovery channels due to claims of spoliation and other discovery-related misconduct. But the Motion does not articulate how the requested discovery will serve those needs, i.e., what will Petitioner do with the information and how will that aid in pursuit of her claims of Mr. Danis? Put another way, how will Petitioner knowing the identity of the user behind the @notamod921 account support her claims or refute them, and how unmasking an anonymous user would impute the requisite knowledge on Mr. Danis?

This renders it entirely unclear to X Corp. whether the balance of interests here favors Petitioner.

### III. CONCLUSION

X Corp. respectfully requests that the Court consider the First Amendment safeguards required before Petitioner is permitted to unmask the identity of the anonymous speaker, and evaluate whether there is a compelling need for the discovery that outweighs the privacy rights of the speaker.

DATED: November 22, 2024						Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By:   /s/ J. Jonathan Hawk
     J. Jonathan Hawk
     Attorneys for X. Corp.