1  Patrick R. Delahunty (SBN 257439)
   pdelahunty@delawllp.com
2  Micah D. Nash (SBN 246319)
   mnash@delawllp.com
3  DELAHUNTY & EDELMAN LLP
   4 Embarcadero Center, Suite 1400
4  San Francisco, CA 94111
   Telephone: 415-891-6210
5  Facsimile: 415-891-6256

6  Attorneys for Petitioner Nina Agdal

7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10

11 | Misc. Case No.: 3:24-mc-80266-JCS

12 | **PETITIONER NINA AGDAL'S REPLY IN SUPPORT OF MOTION TO COMPEL RESPONDENT X CORP. TO COMPLY WITH THIRD-PARTY SUBPOENA**

*IN RE: SUBPOENA TO X CORP.*, Successor in Interest to *TWITTER, INC.*

Served in case: *Nina Agdal v. Dillon Danis,* D.N.J. 2:23-CV-16873-MCA-MAH

Date:  TBD
Time:  TBD
Ctrm:  TBD

**STATEMENT OF THE ISSUE TO BE DECIDED**

Whether this Court should enforce the Petitioner Nina Agdal's (the "Petitioner" or "Agdal") subpoena to the Respondent X Corp. (the "Respondent" or "X"), which seeks limited and specific information about a single X user's identity that is critical to Agdal's claims in an underlying lawsuit pending in the U.S. District Court for the District of New Jersey, *Nina Agdal v. Dillon Danis*, Case No. 2:23-CV-16873-MCA-MAH (the "DNJ Lawsuit").[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

X's Opposition to Petitioner's Motion to Compel dated November 22, 2024 (ECF No. 16, "Opposition") presents no meaningful opposition to the opening brief, which clearly demonstrated that the subscriber information requested by the Subpoena is relevant and that the First Amendment does not bar disclosure of such subscriber information. X cites no legal authority overriding the Ninth Circuit decision in *London v. Does*, 279 F. App'x 513 (9th 2008), or the district court cases holding that a subpoena seeking the identity of an anonymous speaker does not implicate the First Amendment. X also does not dispute that the post from @notamod921 was the result of data theft and infringed Petitioner's copyright, for which there is no First Amendment protection. And X identified no case extending the First Amendment protection to such unlawful conduct.

Furthermore, to the extent it even is applicable, X does not contest that Petitioner has satisfied the three-factor test necessary to make a *prima facie* showing of her claims. Rather, consistent with its indication to Petitioner that necessitated the filing of this Motion – that X will not comply with the Subpoena absent a Court Order directing compliance – X merely claims it is unable to determine whether Petitioner has made a *prima facie* showing and seeks the cover of a Court Order, despite that there is no justification to not produce the subscriber information for the

---

[1] Unless otherwise specified, this Reply Brief in Support of Petitioner's Motion to Compel adopts all abbreviations set forth in Petitioner's opening brief in support of the Motion, dated October 24, 2024 (ECF No. 1, "Petitioner's Br.").

1  @notamod921 account.² X has no true opposition to the Subpoena, and this Court should grant the
2  Motion to Compel ordering X to comply.

3  **II.   ARGUMENT**

4  **A. The Information Sought by the Subpoena Is Relevant to Petitioner's Claims and**
5  **Danis's Defense in the DNJ Lawsuit.**

6  X's assertion that Petitioner's "Motion does not articulate how the requested discovery will
7  serve" Petitioner's prosecution of the DNJ Lawsuit (Opposition at 10) ignores Petitioner's
8  arguments in the opening brief. To begin with, X does not dispute that what may be sought under a
9  nonparty subpoena is extremely broad. Indeed, discovery sought via a Rule 45 subpoena need only
10 fall within the scope of discovery permissible under Rule 26, which "strongly favors disclosure."
11 *Aetrex Worldwide, Inc. v. Burten Distrib.*, No. 13-1140, 2014 U.S. Dist. LEXIS 172857, at *12–13
12 (D.N.J. Dec. 12, 2014). Discovery includes "any matter that bears on, or that reasonably could lead
13 to other matters that could bear on, any issue that is or may be in the case." *Id*. at 13. As such,
14 "[o]nce the subpoenaing party has shown that the documents requested are relevant, the objecting
15 party must demonstrate why discovery should nevertheless be denied." *In re Novo Nordisk Sec.*
16 *Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021). Thus, X's "conclusionary statement[s] that the
17 [subpoenaed] information is not relevant" and that Petitioner failed to explain otherwise (Opposition
18 at 10) are insufficient to oppose the Motion or to continue to refuse to comply with the Subpoena.
19 *Baier v. Princeton Office Park, L.P.*, No. 3:08-cv-5296, 2018 U.S. Dist. LEXIS 180612, at *10–11
20 (D.N.J. Oct. 22, 2018).

21 Regardless, to the contrary, Petitioner *did* articulate how the subscriber information sought
22 through the Subpoena is relevant to her claims in the DNJ Lawsuit. (Petitioner's Br. at 9–10.) The
23 subscriber information would reveal the identity of the account holder of @notamod921, from
24 whom Danis claims to have acquired the Video. This information may lead to details about how
25 this years-old, private Video of Petitioner reached the public domain for the first time

---

27 ² X's insistence on a Court Order before it will comply with the Subpoena, despite any meaningful
   grounds for opposition, is a waste of judicial resources.
28

"coincidentally" during the course of Danis's harassment campaign against Petitioner. It also will offer information about the relationship, if any, between Danis and the account holder, including not only whether Danis knows and/or acted in concert with the account holder, but also whether Danis knew about or was involved in the hacking activities that resulted in the acquisition of the Video. Indeed, depending on what is learned, such information could form the basis of a new claim arising from the hacking.[3] (*Id.*) Such information also would be probative of Danis's intent in making unauthorized postings/disclosures regarding Petitioner, which is at the heart of the DNJ Lawsuit. Because Danis disputes that he acted with the requisite intent for any of Petitioner's claims, the information that the account holder of @notamod921 may provide would be relevant to both Petitioner's claims and Danis's defense in the DNJ Lawsuit, and also would help test Danis's credibility in disclaiming any knowledge or involvement in the hacking. (*Id.*) Thus, Petitioner has demonstrated that the information sought by the Subpoena is relevant under Rule 26, and X's conclusory contrary assertions present no meaningful relevancy objection.

**B. X Offers No Basis to Extend Any First Amendment Protection to the Subscriber Information Sought in the Subpoena.**

X's argument that the First Amendment protection "extend[s] to anonymous speech on the internet" (Opposition at 3) is irrelevant to the primary issue on this Motion – whether the First Amendment bars the disclosure of the identifying information (not the speech) of an anonymous speaker. The Ninth Circuit has rejected "the proposition that the First Amendment bars release of

---

[3] X asserts that "Danis has denied he is behind the @notamod921 account." (Opposition at 2.) But there is no reason to believe anything Danis claims considering his credibility is a serious issue in the DNJ Lawsuit. As set forth in the opening brief, because of questions surrounding Danis's efforts to preserve relevant discovery materials and his failure to follow Court Orders, the DNJ court ordered Danis to (1) sit for a special deposition focused on his discovery conduct and his allegedly damaged phone and (2) turn over his allegedly damaged phone to his counsel. (Petitioner's Br. at 6, n.3.) At his deposition, Danis was unable to offer a credible account regarding the loss of the data on his phone (*i.e.*, how his phone "died") or a reasonable explanation for why the data had not been preserved at the outset of this case. Declaration of Joseph B. Shumofsky in Further Support of Petitioner Nina Agdal's Motion to Compel Respondent X Corp. to Comply with Third-Party Subpoena, Ex. S, at 2. Furthermore, an independent forensic specialist conducted an initial inspection of Danis's phone and determined it was very likely that the phone's condition was the result of an *intentional* effort to render it inoperable to destroy electronically stored information central to the DNJ Lawsuit. *Id.* at 1.

identifying data for email accounts," holding that "exposure of some identifying data does not violate the First Amendment." *London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008); *see also Smythe v. Doe*, No. CV 15-4801-R, 2015 U.S. Dist. LEXIS 187218, at *3 (C.D. Cal. Nov. 17, 2015) ("Basic subscriber information, the purpose of which is to identify potential [d]efendants, is permissible discovery . . . . As such, the subpoenas are permissible for the narrow purpose of obtaining potentially identifying information . . . from the third party."). X fails to address the holdings in *London* and *Smythe* that disclosure of the identifying information of an anonymous speaker is permitted under the First Amendment and, instead, incorrectly reads *London* and *Smythe* as "hold[ing] merely that the First Amendment is not a *per se* prohibition against unmasking anonymous speakers." (Opposition at 3.) Neither *London* nor *Smythe* stand for that proposition.

   X further argues that the *Meta Platforms* case is "of no help to Petitioner" because the subpoena in that case was "in the context of [sic] petition for discovery in aid of a foreign proceeding under 28 U.S.C. section 1782." (*Id.* at 4.) However, that the subpoena was issued pursuant to § 1782 is irrelevant. Indeed, a subpoena pursuant to § 1782 (for a foreign proceeding) is subject to the same procedural requirements as the Subpoena here (for a domestic proceeding) under Rule 45. *See In re Caterpillar Credito*, No. C22-1549JLR, 2022 U.S. Dist. LEXIS 201838, at *11 (W.D. Wa. Nov. 6, 2022) ("[S]ubpoenas issued pursuant to § 1782 must comply with Rule 45."); *In re Kurbatova*, No. 18-mc-81554, 2019 U.S. Dist. LEXIS 84030, at *6 (S.D. Fla. May 17, 2019) ("Once the district court determines that the statutory requirements of § 1782 have been met, it must then also determine whether the requested discovery complies with the Federal Rules."); *see also Xie v. Lai*, No. 19-mc-80287, 2019 U.S. Dist. LEXIS 219306, at *12 (N.D. Cal. Dec. 20, 2019) ("[C]ivil subpoenas, including those issued pursuant to § 1782, are subject to the prohibitions of the Stored Communications Act."). Thus, X's attempted distinction based on purported procedural grounds is erroneous.[4]

---

[4] In authorizing the subpoena seeking identifying information of certain anonymous speakers, the *Meta Platforms* court also reasoned that "[f]oreign citizens who are outside United States territory . . . do not possess any rights . . . under the First Amendment," and noted there was no evidence to indicate the subpoenaed anonymous speakers even were entitled to First Amendment protections." *United States v. Meta Platforms, Inc.*, No. 23-mc-80249, 2023 U.S. Dist. LEXIS 216533, at *15,

4

1  Also, X misinterprets the *Donziger* case, arguing that its "decision is based on the fact that
2  the accounts were not anonymous." (Opposition at 4.) Significantly, the *Donziger* court identified
3  at least two independent reasons to permit the subpoenas seeking identifying information of certain
4  email accounts. Indeed, one reason was because the court declined to find the email accounts at
5  issue were anonymous. *Chevron Corp. v. Donziger*, No. 12-mc-80237, 2013 U.S. Dist. LEXIS
6  119622, at *25–26 (N.D. Cal. Aug. 22, 2013). But the court also permitted the subpoenas because,
7  in issuing the subpoenas, the plaintiff "was not seeking the content of emails" and the court could
8  not "conclude that any right to anonymous speech [was] implicated by [the plaintiff's] subpoenas."
9  *Id*. In other words, *Donziger* held that the identifying information sought by the subpoenas was not
10 protected by the First Amendment.

11 X did not (and could not) cite to any Ninth Circuit case that applied the First Amendment
12 protection to the identifying information of an anonymous speaker. X cited only two district court
13 cases suggesting the First Amendment protection may apply – *In re Reddit* and *In re DMCA*
14 *§ 512(H) Subpoena to Twitter, Inc.*[5] (Opposition at 3.) However, as Petitioner previously explained
15 (Petitioner's Br. at 11, n.6.): "These cases are distinguishable from the case here because their
16 underlying lawsuits were based on anonymous speech that arguably implicated First Amendment
17 protection." *See DMCA §512(h) Subpoena to Twitter*, 608 F. Supp. 3d at 874 (asserting copyright
18 infringement claim based on certain pictures posted by an anonymous account); *In re Reddit, Inc.*,
19 671 F. Supp. 3d 1022, 1023 (N.D. Cal. 2023) (same). Here, the DNJ Lawsuit is not based on any
20 anonymous speech, but rather arises from non-anonymous speech – the unlawful postings from

---

17 (N.D. Cal. Dec. 5, 2023). Here, there is no evidence to indicate whether the accountholder for the @notamod921 account is a U.S. citizen or a person residing in the U.S. While, presumably, X notified the user of the @notamod921 account about this Motion (Petitioner's Br. at 13), the accountholder has submitted nothing to oppose the Motion or protect any alleged First Amendment rights.

[5] The *Tagami* case, also cited by X, did not address the First Amendment protection question. (Opposition at 3–4.) *See In re Tagami*, No. 21-mc-80153-JCS, 2021 WL 5322711, at *4 n.2 (N.D. Cal. Nov. 16, 2021) (declining to resolve *sua sponte* the First Amendment implications of discovery requests seeking the identifying information of anonymous speakers).

1  Danis's X account. (Petitioner's Br. at 11, n.6.) X's Opposition fails to explain why either of the
2  district cases it cites should not be distinguished on that basis.

3  Under Ninth Circuit case law – specifically *London* and a majority of district court cases –
4  subpoenas seeking subscriber information of an anonymous account are permissible and do not
5  implicate First Amendment issues. (Petitioner's Br. at 10–11.) As such, this Court should order X
6  to comply because the subscriber information sought under the Subpoena does not warrant First
7  Amendment protection.

8  **C. X Offers No Basis to Extend the First Amendment Protection to Anonymous Speech**
9  **That Is the Result of Data Theft or That Infringes Copyright.**

10  X's argument in Section II.B of its Opposition is based on an incorrect reading of Petitioner's
11  arguments. X erroneously states that "[t]he Motion is seemingly arguing that the speech at-issue is
12  commercial, and that the First Amendment protections discussed above are *per se* inapplicable to
13  commercial speech." (Opposition at 5.) That mischaracterizes Petitioner's argument and ignores the
14  illegal conduct implicated in the speech at issue. Petitioner's position, as X understood and clearly
15  articulated in its Opposition, is "the First Amendment does not protect anonymous speech that is the
16  'result of data theft or that infringes copyright.'" (*Id*.) Here, the posting of the Video by
17  @notamod921 is not entitled to the First Amendment protection because it is unlawful. *See Retail*
18  *Digital Network, LLC v. Prieto*, 861 F.3d 839, 844 (9th Cir. 2017) ("For commercial speech to come
19  within [the First Amendment protection], it at least must concern lawful activity and not be
20  misleading.").

21  X does not address the illegality of the post and does not dispute that posting the Video had
22  to be the result of data theft and that such conduct is not protected by the First Amendment. As
23  Petitioner explained, she maintained the Video privately on her Snapchat account and never
24  published it nor consented to its publication. (Petitioner's Br. at 12.) The unauthorized disclosure of
25  the Video by @notamod921 indicates the Video was stolen from Petitioner, *i.e.*, the result of data
26  theft, (*id*.), and X asserts no potential alternative source for the unauthorized disclosure.

27  X also does not dispute that the posting of the Video on the @notamod921 account infringed
28  Petitioner's copyright. X mentions the fair use defense to copyright infringement (Opposition at 6)

but raises no fair use defense for the Video. Citing no legal authority, X opposes Petitioner's "arguments regarding the First Amendment's applicability to copyright law" by contending that the "Petitioner is not pursuing any claim for copyright infringement against the anonymous user @notamod921." (*Id.*) But this is of no consequence because courts do not require the assertion of a copyright infringement claim as a precondition to holding "[t]here is no First Amendment right to commit copyright infringement." *Cognosphere Pte. Ltd. v. X Corp.*, No. 23-mc-80294, 2024 U.S. Dist. LEXIS 168544, at *6 (N.D. Cal. Sept. 18, 2024); *see also Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 451 (C.D. Cal. 2007) ("To the extent the users are engaged in copyright infringement, the First Amendment affords them no protection whatsoever."). Moreover, nothing prevents Petitioner from later bringing a copyright infringement claim against @notamod921. And, in any case, it is X's refusal to comply with the Subpoena that has prevented Petitioner from knowing the identity of the @notamod921 user to possibly pursue a copyright infringement claim. *See Cognosphere Pte. Ltd. v. X Corp.*, No. 23-mc-80294, 2024 U.S. Dist. LEXIS 168544, at *22 (N.D. Cal. Sept. 18, 2024) ("[The movant] seeks the identity of the anonymous speaker(s) behind the [X] accounts, in order to even begin to pursue a copyright infringement claim against those people(s). That information is materially relevant, if not critical to the claim, because without the information, [the movant] has no starting point for whom to name as a defendant.").

Accordingly, X has no basis to assert a First Amendment objection to the Subpoena's request for the subscriber information of the @notamod921 account, whose speech resulted from data theft and constituted copyright infringement.

**D. X Does Not Oppose the Court Finding That Petitioner Has Made a *Prima Facie* Showing of Her Claims and That Balancing of the Interests Requires Enforcement of the Subpoena.**

X does not claim Petitioner has not made a *prima facie* showing. Maintaining its desire for cover under a Court Order, X merely states it "cannot conclude that Petitioner has made a *prima facie* showing" but does not oppose this Court finding Petitioner carried her burden (to the extent it even applies). (Opposition at 8–9.) X offers no fact or legal basis to rebut Petitioner's *prima facie* showing of her claims. Instead, X offers only unfounded and insulting speculation – unrelated to

7

1  any specific facts or issues here or in the DNJ Lawsuit – that Petitioner's assertions may lack candor,
2  stating that "parties are sometimes less than forthcoming—and sometimes outright deceitful." (*Id*.
3  at 9.) Such a conclusory and baseless suggestion cannot overcome Petitioner's *prima facie* showing.
4        Punting again to this Court without any meaningful analysis, X also states it "cannot
5  determine that the balance of interests favors Petitioner, or that Petitioner has a compelling need
6  under the circumstances known to X Corp." (*Id*. at 10.) But X offers no fact or legal basis to contend
7  that the balancing of interests weighs against the Petitioner.[6]
8        Because X does not dispute Petitioner made reasonable efforts to notify @notamod921 and
9  does not oppose this Court finding that Petitioner has made a *prima facie* showing and that the
10 balancing of interests favors Petitioner, there is no real controversy at issue between X and
11 Petitioner. (*See* Petitioner's Br. at 12–17.) Accordingly, even if @notamod921's First Amendment
12 rights are implicated, this Court should grant the Motion to Compel enforcement of the Subpoena.

**III.   CONCLUSION**

For the foregoing reasons, Petitioner Nina Agdal respectfully requests that the Motion to Compel be granted and that this Court issue an order compelling X to comply with the Subpoena and promptly produce the requested subscriber information of X account @notamod921.

Dated: December 6, 2024

Respectfully submitted,

DELAHUNTY & EDELMAN LLP

By:  *s/Micah Nash*
Micah Nash, SBN 246319
mnash@delawllp.com
Attorneys for Petitioner Nina Agdal

---

[6] Besides the arguments set forth in the opening brief demonstrating the equities favor Petitioner, the lack of any input or submission from the @notamod921 accountholder offers an additional ground to find the balancing of interests favors Petitioner. Prior to filing this Motion, Petitioner advised X to notify the user of @notamod921 to the extent it has not done so already. (Petitioner's Br. at 13.) X's Opposition does not mention any feedback from @notamod921 whatsoever, suggesting the user of @notamod921 perceives little to no harm in disclosure of its identity.